RECEIVED

SEP 1 4 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ERIC CLEVELAND, ET AL. | CIVIL ACTION NO. 12,924 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNION PARISH SCHOOL BOARD, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

The above-referenced matter is a school desegregation case. An initial Order was entered on February 11, 1970, assigning students to various schools in certain attendance zones in Union Parish, Louisiana. Modifications were made to the original Order on August 3, 1979, and August 14, 2001. Most recently, on July 18, 2005, this Court signed an Order approving the closing of schools at Rocky Branch, Lillie, and Linville in Union Parish.

After the Order was signed, on August 23, 2005, the Rocky Branch Parent-Teacher Organization ("the PTO"), an unincorporated association of taxpayers and registered voters of Union Parish, and Gina LaValle, appearing individually and as the authorized representative of the PTO, filed a Motion and Order for Leave to File Petition for Intervention Per Rule 24 ("Motion to Intervene"). The PTO and LaValle seek to intervene in the above-referenced matter under Federal Rule of Civil Procedure 24(a)(2) to "present evidence that the proposed consolidation has not been pre-cleared by the Justice Department. Beyond this request, [the proposed] intervenors make no other request to the district court." Memorandum in Support of Motion to Intervene, at p.3. The PTO and LaValle apparently object only to the closing of the Rocky Branch school.

1

On September 7, 2005, the Union Parish School Board ("the School Board") filed a memorandum in opposition to the Motion to Intervene.

For the following reasons, the Motion to Intervene is DENIED.

The PTO and LaValle seek to intervene as a matter of right. Rule 24(a)(2) imposes four requirements on such applicants:

(1) Application for intervention is timely;

(2) Applicant has an interest relating to the property or transaction which is the subject of the action;

(3) Applicant must be so situated that the disposition of the action, may, as a practical matter, impair his or her ability to protect that interest; and

(4) Applicant's interest must be inadequately represented by the existing parties to the suit.

Fed. R. Civ. P. 24(a)(2); *see also United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 756 (5th Cir. 1995). "In the absence of any of these elements, intervention as of right must be denied." *Graham v. Evangeline Par. Sch. Bd.*, 132 Fed. Appx. 507, 511 (5th Cir. 2005) (citing *Franklin Par.*, 47 F.3d at 758).

As pointed out by the School Board, the only interest asserted by the PTO and LaValle is in presenting evidence that the consolidation of the schools in Union Parish was not pre-cleared by the Justice Department.

The Department of Justice is not a party to this action. Even if the Department of Justice were a party, no pre-clearance is required for modification of a desegregation order. Although it was not required to do so, the School Board did contact the United States Department of Education, Office of Civil Rights ("OCR"), prior to filing its motion seeking Court approval for the

consolidation of schools. The School Board stated in its motion that OCR indicated it had no interest in the case. Court personnel verified with a representative of OCR that OCR had no interest in this case since no current complaint was pending. After this Motion to Intervene was filed, Court personnel again left a message for an OCR representative, but has had no response.

In these circumstances, the PTO and LaValle have failed to identify any legally cognizable interest in this matter on the sole basis that pre-clearance had to be obtained from the Department of Justice prior to the consolidation of the Union Parish schools.

To the extent that the PTO and LaValle have attempted to state any other interest, such interest can only be characterized as the loss of a neighborhood school. While the Court is sympathetic to their concerns, the Fifth Circuit has consistently held that the closure of a neighborhood school fails to constitute a legally cognizable "interest" for purposes of Rule 24(a)(2) when there are no attendant effects on desegregation. *See, e.g., Graham,* 132 Fed. Appx. at 512 (Affirming the district court's holding that an "'interest in maintaining local community schools, without a showing that consolidation would hamper the avowed goal of eliminating the vestiges of past discrimination, fails to constitute a legally cognizable interest in a school desegregation case.'"); *United States v. Perry Cty. Bd. of Educ.*, 567 F.2d 277, 279-80 (5th Cir. 1978) (Parent group failed to identify a legally cognizable interest under Rule 24(a)(2) regarding the re-construction of a school on the basis of safety and welfare of school children, a large attendance zone that would require considerable travel on the part of some students, and the significant outlay of public funds that would be required). In this case, the closure of Rocky Branch and the other Union Parish schools actually benefitted the goals of desegregation.

Accordingly, the PTO and LaValle have failed to identify any legally cognizable interest in

this matter, as required under Rule 24(a)(2), and their Motion to Intervene is DENIED.

Monroe, Louisiana, this __14__ day of __September__, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE