UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ERIC CLEVELAND, ET AL. | CIVIL ACTION NO. 67-12,924 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNION PARISH SCHOOL BOARD, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion for Declaration of Unitary Status ("Motion for Unitary Status") [Doc. No. 158] filed by the Union Parish School Board ("UPSB"). No opposition has been filed.

For the following reasons, UPSB's motion is GRANTED, the District is hereby declared UNITARY in all regards, and this case is DISMISSED.

**I.     ORIGINAL ORDER, MODIFICATIONS, AND PROCEDURAL HISTORY**

This is a school desegregation case brought in 1967 by Eric Cleveland and others on behalf of African-American students in Union Parish. The lawsuit resulted in a desegregation plan and decree entered on February 11, 1970, under which UPSB operates, subject to modifications on August 3, 1979; August 14, 2001; July 18, 2005; July 14, 2010; May 13, 2011; September 7, 2011; September 6, 2012; July 25, 2013; and February 24, 2014.

Additionally, on February 2, 2012, the Court granted partial unitary status to UPSB. Considering those factors set forth in *Green v. County Sch. Bd. of New Kent Cty.*, 391 U.S. 430 (1968), the Court found that UPSB operated a unitary school district with respect to transportation, extracurricular activities, and facilities.

In the instant motion, UPSB now requests a finding of unitary status with respect to the remaining areas under *Green*: teacher and staff assignment and student assignment.

## II. LAW AND ANALYSIS

Although it is the school district's burden to prove it is operating in a unitary manner for at least three years, thereby eliminating the vestiges of past discrimination to the extent practicable, *Board of Education of Oklahoma City Pub. Sch. v. Dowell*, 498 U.S. 237, 249-250 (1991), there is no requirement that the unitary status be proved or found "conclusively." *Manning v. School Bd. of Hillsborough Cty.*, 244 F.3d 927, 940 (11th Cir.), *cert. denied*, 534 U.S. 824 (2001). The ultimate goal of the district court is to return "schools to the control of local authorities at the earliest practicable date." *Freeman v. Pitts*, 503 U.S. 467, 490 (1992).

However, school districts have a "continuing duty to eliminate the system-wide effects of earlier discrimination and to create a unitary school system untainted by the past." *Ross v. Houston, Indep. Sch. Dist.*, 699 F.2d 218, 225 (5th Cir. 1983).

With this law in mind, the Court now turns to the two remaining *Green* areas.

### A.     Faculty and Staff Assignments

The Minute Entry of November 14, 1968, in this proceeding directed UPSB to set forth a report for further faculty integration and on February 11, 1970, a Decree was entered by Hon. Benjamin Dawkins, Jr., for a court-approved desegregation plan. UPSB has, for a number of years, assigned principals, teachers, teacher-aides (paraprofessionals) and other staff who work directly with children, so that the racial composition of the staff at a school will not indicate that a school is intended for either African-American or white students. Generally, the ratio of African-American and white teachers and African-American and white paraprofessionals at each school for the 2010-2011 school year through

the 2014-2015 school year has been reflective of the District as a whole.

As the status reports filed with the Court indicate, the percentage of faculty members at each school is generally within twenty percent of the parish wide average of 18.9% African-American, 78.8% white and 2.1% other. These documents reflect that the faculty and staff who work directly with children are assigned in such a manner that the racial composition of the faculty and staff would not indicate that any school is intended for either back or white students and that the ratio of African-American to white teachers and African-American to white paraprofessionals at each school is substantially the same as the racial ratio of teachers and other staff to the entire school district.

UPSB has provided the Court with affidavit tesimony to support its showing that, for the 2010-2011 through the 2014-2015 school years, elementary/secondary and special education supervisors attended teacher job fairs at Southern University, Grambling State University, Louisiana Tech University and University of Louisiana at Monroe to recruit teachers for the District. In addition, UPSB has entered into an agreement with Grambling State University to allow its students to observe and assist the teachers in the District in the classroom setting. UPSB has made available tuition fund reimbursement for teachers working towards certification in its District. In addition, it has contacted the Department of Education at Grambling State University specifically to check for any applicants available when the District had openings for teachers.

There are two charter schools in the District: D'Arbonne Woods Charter School and Downsville Charter School. However, UPSB has no control over faculty and staff recruitment, selection, hiring, placement or discharge by the charter schools.

Under these circumstances, the Court finds that UPSB has met its obligations to eliminate the vestiges of past discrimination in regard to faculty and staff assignments and hiring. The Court,

therefore, GRANTS UPSB's Motion for Unitary Status with regard to this area.

### B. Student Assignments

The Fifth Circuit has held, "regarding the requirement that a school district must eliminate the vestiges of prior de jure segregation to the extent practicable, 'every reasonable effort [must] be made to eradicate segregation and its insidious residue, although complete racial balance is not required.'" *Anderson v. Sch. Bd. of Madison, Cty.*, 517 F.3d 292, 298 (5th Cir. 2008). The court further stated, "[w]hile racial imbalance in a particular school is relevant, racial imbalance, without more, does not violate the Constitution." *Id.* at 298-99. Accordingly, "immutable geographic factors and post-desegregation demographic changes that prevent the homogenation of all student bodies do not bar judicial recognition that the school system is unitary." *Price v. Austin Indep. Sch. Dist.*, 945 F.2d 1037, 1314 (5th Cir. 1991) (citing *Ross*, 699 F.2d at 225).

In this case, the original Order was entered in these proceedings on February 11, 1970. Under that Order, students were assigned to various schools in certain attendance areas in Union Parish following the desegregation of the public school system. UPSB operated under that decree until it was slightly modified as a result of a Motion To Amend Decree and its attachments filed July l7, 1979. As indicated in the Affidavit attached to the July 17, 1979 Motion To Amend Decree, the then-Superintendent of Schools, Chiles I. Carpenter, stated that no one knew the whereabouts of the original plaintiff, Eric Cleveland at that time. The same is true today.

The Motion To Amend Decree filed in l979 requested slight changes to the grade levels of the students attending school in the Bernice, Spearsville and Westside (Lillie) attendance zones by changing the grade level at Bernice from grades 1 through 2 and 8 through 12, to K through 3 and 9 through 12; at Spearsville, from grades 1 through 2 and 8 through 12, to grades K through 3 and 9 through 12; and

at Westside School (Lillie School) from grades 3 through 7 to grades 4 through 8. The Honorable Tom Stagg approved the above-referenced modification by Order dated August 3, 1979, after reviewing the record and without the necessity of a hearing of any kind because there was no racial purpose or effect in the change and because of a valid educational basis for the slight change.

On August 13, 2001, a Motion to Amend Consent Decree was filed by UPSB which requested additional changes in the grade level of students attending schools at Bernice, Spearsville, and Lillie, and altered the grade levels of students that attended schools known as Farmerville Elementary School and Farmerville Middle School.

On August 14, 2001, this Court approved the Motion and entered an order adjusting the attendance zones and grades, as requested.

On July 18, 2005, a Motion To Amend Consent Decree was filed by the UPSB which requested changes in school attendance zones as a result of action taken by the UPSB to close schools that were known as Rocky Branch Elementary School, Linville High School and Lillie Middle School.

By Order signed on July 18, 2005, and entered by the Clerk of Court on July 20, 2005, the Court, in a similar process, further amended the Consent Decree in the following respects:

(1) Students who attended Rocky Branch Elementary School were assigned to Farmerville Elementary School for grades K - 5 and Farmerville Junior High School for grades 6 - 8.

(2) Students in grades 5 - 8 who attended Lillie School and resided in the Bernice attendance zone were assigned to the Bernice School.

(3) Students in grades 5 - 8 who attended Lillie School and resided in the Spearsville attendance zone were assigned to Spearsville School.

(4) All students who attended Linville High School were assigned to Marion High School together with the students previously zoned to Marion High School.

On May 27, 2009, this Court approved D'Arbonne Woods Charter School, Inc., to begin operation as a Type 2 charter school in Union Parish. [Doc. Nos. 59 & 60].

On July 14, 2010, the Court, after consideration of the Supplemental and Amended Motion To Amend Consent Decree [Doc. No. 86], amended the original Consent Decree and the previous Orders in the following respects:

(1) High school students in grades 9 through 12 assigned to Marion High School will be assigned to Farmerville High School commencing with the 2010- 2011 school year.

(2) The school at Bernice will become a K-5 school commencing with the 2010-2011 school year.

(3) Spearsville will become a K-8 school with grades 6 through 8 from Bernice consolidated into Spearsville commencing with the 2010-2011 school year.

(4) High school students in grades 9 through 12 assigned to Spearsville High School will be assigned to Farmerville High School commencing with the 2010-2011 school year.

(5) High school students in grades 9 through12 assigned to Downsville High School will be assigned to Farmerville High School commencing with the 2011-2012 school year.

[Doc. No. 87].

On May 13, 2011, this Court entered another Order in this proceeding which amended the previous orders in the following respects:

(1) Students at the school in Bernice will have the option of remaining at the school in Bernice for sixth grade, so long as the number of students in the sixth grade does not fall below fifteen (15) students.

(2) Spearsville will remain a K-8 school with students from Bernice continuing to attend Spearsville for seventh and eighth grades. Consistent with the amendment to (2), Bernice students will have the option to attend either Bernice or Spearsville unless the number of students in the sixth grade at Bernice falls

        below fifteen (15) students. If the number of students in the sixth grade at Bernice does fall below fifteen (15) students, those students must attend sixth grade at Spearsville.

    (3)    High school students in grades 9 - 12 assigned to Downsville High School will be assigned to Farmerville High School commencing with the 2012-2013 school year.

[Doc. No. 108].

On September 7, 2011, this Court amended the previous decrees, so that the assignment of students in grade 7 through 8 who were assigned to Marion School would be assigned to Farmerville High School commencing with the 2011-2012 school year. [Doc. No. 111].

On September 6, 2012, this Court further amended the previous orders and provided that students who were currently zoned to attend Marion School for sixth grade would attend Farmerville Junior High School commencing with the 2012-2013 school year and further approved the operation of Downsville Charter School as a Type 3 charter school through the Union Parish School Board commencing with the 2012-2013 school year. [Doc. No. 132].

On July 25, 2013, this Court further amended the previous Orders of this Court and provided that students who were then zoned to Marion Elementary School would attend Farmerville Elementary School and those students in grades 6 through 8 at Spearsville and grade 6 at Bernice School would attend Farmerville Junior High School for grades 6 through 8 commencing with the 2013-2014 school year. [Doc. No. 144].

On February 24, 2014, this Court amended the previous zone lines so that all students who were then zoned to attend Spearsville Elementary School would attend Farmerville Elementary School commencing with the 2014-2015 school year and all students who were then currently zoned to Bernice Elementary School would attend Farmerville Elementary School commencing with the 2014-2015

school year. [Doc. No. 149].

There have been no further modifications of the previous Orders of this Court.

At this time, all students in those schools operated by UPSB attend school in Farmerville, Louisiana, at one of the four schools, as shown by affidavit testimony attached to UPSB's motion, as well as the record in this matter.

The Court finds that UPSB has complied in good faith with all Orders of this Court and has eliminated the vestiges of past discrimination to the extent practicable. The District has filed its semi-annual reports with the Court. The District has carried out each of the Orders entered by this Court. Accordingly, the Court GRANTS UPSB's Motion for Unitary Status in the area of student assignments.

### III. CONCLUSION

For the foregoing reasons, UPSB's Motion for Unitary Status [Doc. No. 158] is GRANTED, and the District is hereby declared UNITARY in the remaining two *Green* areas of teacher and staff assignment and student assignment. The District is now declared UNITARY as to all areas of operation, and the permanent injunction previously entered is DISSOLVED. This matter is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 21st day of September, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE